UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BALLY TOTAL FITNESS OF
THE MID-ATLANTIC, INC.          :
                                :
       v.                       :     C.A. No. 11-349ML
                                :
JOSEPH IACIOFANO                :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiff's Motion for Attorneys' Fees and Costs. (Document No. 54). Defendant objects. (Document No. 55). For the following reasons, Plaintiff's Motion is GRANTED.

On June 27, 2012, Chief Judge Lisi granted Plaintiff's Motion for Summary Judgment with respect to a declaration that the Lease in dispute was effectively terminated by Plaintiff (the tenant) as of October 12, 2011. (Document No. 43). Judge Lisi also granted Plaintiff's Motion for Partial Summary Judgment as to Defendant's (the landlord) counterclaims for breach of contract and unjust enrichment related to the Lease. Id. Final judgment under Rule 54 has not yet entered since Defendant's negligence counterclaim remains pending and thus all claims in the case have not yet been finally adjudicated.

It is undisputed that Plaintiff has prevailed on its claim to terminate the Lease and on Defendant's counterclaims related to the Lease. The Lease provides in § 21.7 (Attorneys' fees) as follows:

> Should either party hereto institute any action or proceeding at law or in equity to enforce or interpret any provision hereof for damages or other relief by reason of an alleged breach of any provision hereof, the prevailing party shall be entitled to receive from the losing party, in addition to allowable court costs, such amount as the court may

>adjudge to be reasonable as attorneys' fees for the services rendered the prevailing party in such action or proceeding, and such amount may be made a part of the judgment against the losing party.

Thus, since Plaintiff is the "prevailing party" in this Lease dispute, it is contractually entitled to recover from Defendant its "allowable court costs" and "reasonable" attorneys' fees incurred in such dispute, and "such amount may be made a part of the judgment against the losing party."

Defendant raises several procedural arguments which assert that Plaintiff's Motion is premature for various reasons. However, none of these arguments are legally supported. The Lease plainly and unambiguously entitles Plaintiff to an award of its fees and costs under these circumstances and permits this Court to make such award part of the final judgment when entered by this Court.[1]

Defendant also argues that the attorneys' fees sought by Plaintiff are "excessive and unreasonable." Defendant does not argue that Plaintiff's counsel's hourly billing rates are excessive and thus the rates are unchallenged and accepted.[2] Rather, Defendant generally argues that the total hours spent on the case were excessive given the nature and history of the case and provides several examples of billable hours that the Court "may deem to be unreasonable." However, a review of these examples does not lead to the conclusion that Plaintiff's requested attorneys' fees are unreasonable or excessive. In fact, several of the entries which Defendant claims are excessive or

---

[1] Defendant also requests a stay of any enforcement of the fee award "pending final resolution of this case" including any appeal. However, such request is premature. The fee award will not be collectible until final judgment (or partial final judgment under Rule 54(b)) enters and, if Defendant files a timely appeal, it may then seek a stay of execution under Rule 62.

[2] Pursuant to LR Cv 54.1(b)(2), Plaintiff's Motion was properly supported by an affidavit regarding the reasonableness of the requested hourly fee from a disinterested attorney admitted to the Rhode Island bar who is experienced in handling similar cases and familiar with the usual and customary fees charged by attorneys in the community who have comparable experience in similar cases. (Document No. 54-3). Defendant did not submit any counter-affidavit challenging the reasonableness of the hourly rates requested by Plaintiff.

show duplication of effort are instances where lead counsel delegated work to associates or paralegals so that it could be performed more efficiently at lower billing rates. Defendant freely entered into a Lease with a contractual fee-shifting provision and he zealously and unsuccessfully opposed Plaintiff's efforts to terminate the Lease and to place rent payments into the Court's Registry pending resolution of this case. He cannot now be surprised that those business decisions have resulted in contractual liability for the tenant's legal expenses and that those legal expenses are substantial given the complexity and number of legal issues raised in this proceeding and the zealousness of litigation effort on both sides.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs (Document No. 54) is GRANTED in the total amount of $49,093.01. Such award will be included as part of the final judgment when entered in this case.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 8, 2013